NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                    :
LEANDRO FABIAN OLIVO-REINOSO,       :   Civil Action No. 17-9961 (JMV)
                                    :
            Petitioner,             :
                                    :
      v.                            :   **OPINION**
                                    :
ORLANDO RODRIGUEZ,                  :
                                    :
            Respondent.             :
_____ :

**APPEARANCES:**

LEANDRO FABIAN OLIVO-REINOSO
Elizabeth Detention Center
625 Evans Street
Elizabeth, NJ 07201
        Petitioner, *pro se*

CAROLINE A. SADLOWSKI
DANIEL J. GIBBONS
United States Attorney's Office
970 Broad Street, Suite 700
Newark, NJ 01702
        On behalf of Respondent.

**VAZQUEZ**, United States District Judge

Petitioner filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 on October 25, 2017, alleging a violation of his right to due process based on his detention in the custody of Immigration and Customs Enforcement ("ICE") since April 7, 2017. (ECF No. 1 at 4.) Respondent filed an answer to the habeas petition. (ECF No. 3.) Respondent argues the petition should be dismissed because Petitioner failed to exhaust his administrative remedies. (ECF No. 3 at 2-3.) Specifically, Respondent submits that Petitioner failed to appeal the

immigration judge's ("IJ") May 17, 2017, denial of Petitioner's request for a change in custody status. (*Id.*) Petitioner then filed a reply. (ECF No. 4.)

I. BACKGROUND

Petitioner is a native and citizen of Ecuador. (ECF No. 3-3, at 3.) On or about February 1, 1994, he entered the United States without being inspected, admitted, or paroled by an Immigration Officer. (ECF No. 1 at 4; ECF No. 3-3, at 4.) The Department of Homeland Security ("DHS") issued a Notice to Appear on March 1, 2012, charging Petitioner as an alien present in the United States without being admitted or paroled. (ECF No. 3-3, at 4.) On May 11, 2012, Petitioner was released on bond. (*Id.*)

While out on bond, on August 14, 2014, Petitioner was convicted in the New Jersey Superior Court for Receiving Stolen Property in violation of N.J.S.A. 2C:20-7. (*Id.* at 4.) Petitioner was sentenced to 364 days of suspended confinement and 3 years probation. (*Id.*) Petitioner was taken back into custody by ICE on April 7, 2017, and his bond was cancelled. (*Id.* at 4-5.) That same day, Petitioner received a Notice of Custody Determination stating that he was in custody pursuant to 8 U.S.C. § 1226(a) [INA § 236(a)]. (ECF No. 3-4 at 3.) Petitioner requested a bond hearing and, on May 17, 2017, an IJ denied Petitioner's request for bond. (ECF No. 3-5 at 2.) Petitioner reserved, but did not file, an appeal.

II. DISCUSSION

Petitioner contends that he is entitled to a bond hearing under the Due Process clause, pursuant to *Zadvydas v. Davis*, 533 U.S. 678 (2001). (ECF No. 1 at 5-6.) Respondent asserts that Petitioner's reliance upon case law such as *Zadvydas*, which concerns post-order detention under 8 U.S.C. § 1231, is misplaced because Petitioner is detained under 8 U.S.C. § 1226(a). (ECF No. 3 at 2.) Respondent further contends that Petitioner must exhaust his administrative remedies

2

before seeking habeas review in this Court and that Petitioner has failed to do so because he did not appeal the IJ's denial of his request for a change in custody status pursuant to 8 C.F.R. § 236.1(d)(3)(i). (*Id.* at 2-3.) Petitioner concedes that he is in fact detained pursuant to § 1226(a). (ECF No. 4 at 1.) Petitioner argues, however, that his prolonged detention is contrary to the Third Circuit's decision in *Diop v. ICE/Homeland Sec.*, 656 F.3d 221 (3d Cir. 2011), and that he was not required to exhaust administrative remedies. (ECF No. 4 at 2-9.)

In *Diop v. ICE/Homeland Sec.*, the Third Circuit held that 8 U.S.C. § 1226(c) "'implicitly authorizes detention for a reasonable amount of time, after which the authorities must make an individualized inquiry into whether detention is still necessary to fulfill the statute's purposes of ensuring that an alien attends removal proceedings and that his release will not pose a danger to the community.'" *Chavez-Alvarez*, 783 F.3d at 474-75 (quoting *Diop,* 656 F.3d 221, 231 (3d Cir. 2011). In *Chavez-Alvarez*, the Third Circuit held that, under the circumstances presented by the petitioner, "beginning sometime after the six-month timeframe . . . and certainly by the time [the petitioner] had been detained for one year, the burdens to [the petitioner's] liberties outweighed any justification for using presumptions to detain him without bond to further the goals of the statute." *Id.* at 478. The petitioner in *Chavez-Alvarez* was under mandatory detention pursuant to § 1226(c), neither of the parties were acting in bad faith in the immigration proceedings, and the petitioner had been detained for more than ten months without a bond hearing. *Id.* at 472, 476.

Here, Petitioner concedes that he is not under mandatory detention pursuant to § 1226(c). Petitioner is instead detained under § 1226(a), which provides:

> (a) Arrest, detention, and release
>
> On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States. Except as provided in subsection (c) and pending such decision, the Attorney General—

3

> (1) may continue to detain the arrested alien; and
>
> (2) may release the alien on--
>
> (A) bond of at least $1,500 with security approved by, and containing conditions prescribed by, the Attorney General; or
>
> (B) conditional parole . . .
>
> Furthermore,
>
>> [a]liens detained pursuant to § 1226(a) may be released if they demonstrate they would not pose a danger to property or persons and they are likely to appear for any future proceedings. 8 C.F.R. § 236.1(c)(8). The alien may request a bond redetermination hearing before an IJ. 8 C.F.R. § 236.1(d)(1). An IJ may grant an alien's request for bond redetermination where the alien has shown that his "circumstances have changed materially since the prior bond redetermination." 8 C.F.R. § 1003.19(e). The alien may appeal the IJ's bond decision to the BIA. 8 C.F.R. § 236.1(d)(3).

*Contant v. Holder*, 352 F. App'x 692, 695 (3d Cir. 2009).

Petitioner requested a bond hearing and was provided a bond redetermination on May 17, 2017. (ECF No. 3-5 at 2.) Petitioner's recourse for continued detention under § 1226(a) is to appeal the IJ's custody decision to the BIA pursuant to 8 C.F.R. § 236.1(d)(3), or to request a bond redetermination based on changed circumstance pursuant to 8 C.F.R. § 1003.19(e). Because there are procedures under which Petitioner can seek redetermination of his bond status, Petitioner has not been deprived of due process under the Fifth Amendment. *See Contant*, 352 F. App'x at 695 (holding that petitioner's right to due process regarding his detention under 8 U.S.C. § 1226(a) pending removal proceedings was satisfied by the individualized detention determinations provided under 8 C.F.R. §§ 236.1(c)(8); 236.1(d)(1) and 1003.19(e)). The Court therefore does not reach Respondent's exhaustion arguments.

III.  CONCLUSION

For the reasons discussed above, the Court denies Petitioner's petition for writ of habeas corpus under 28 U.S.C. § 2241.

An appropriate Order follows.

Date April 5, 2018
At Newark, New Jersey

<u>s/ John Michael Vazquez</u>
JOHN MICHAEL VAZQUEZ
United States District Judge